IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RAYMOND DAKIM HARRIS )
JOINER, )
  )
      Plaintiff, )
  )
      v. )    1:14CV528
  )
CAPTAIN C. COVINGTON, et al., )
  )
      Defendant(s). )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.     Plaintiff fails to state a proper claim for relief. He complains that he is not receiving a kosher diet, but also reports that prison authorities informed him that his food is kosher and is prepared in a separate part of the prison kitchen using only kosher equipment. (Docket Entry 2, § V.) It is not clear why he does not believe them and he provides no facts to support his belief that his diet is not kosher. Plaintiff primarily alleges that he receives "processed" food (id.), but kosher diets can include such food, see, e.g., Peterson v. Price, No. 5:06CV106, 2007 WL 2893009, at *11, n.1 (N.D.W.Va. 2007) (discussing the "nationally recognized, religiously certified processed food component" of the kosher diet served in a federal prison). Plaintiff also requests food from a particular kosher restaurant as relief (Docket Entry 2, §§ V, VI.), but such relief is not proper.

2.     Plaintiff does not appear to name proper defendants. He names Captain C. Covington as a defendant "because he is the one who runs Scotland Corr. [I]nstitution]" and "this problem was brought to his awareness many times."

(Id., § V.) However, theories of *respondeat superior* or supervisory liability do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Plaintiff also names Jackie Parker as a defendant "because she wrote [Plaintiff] a letter . . . saying all food that is kosher is in a kosher area in the kitchen in the institution." (Docket Entry 2, § V.) He attaches the letter, which explains the process for preparing kosher meals in his prison. Writing an explanatory letter to Plaintiff did not somehow violate his constitutional rights. Plaintiff must name the persons actually responsible for the violations of his rights, not prison supervisors or persons who merely responded to his complaints.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 1st day of July, 2014.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**